UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **SUPERSEDING INFORMATION** |
| - v. - | : | S1 23 Cr. 73 (MKV) |
| ROBERT WISE, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States Attorney charges:

**COUNT ONE**
**(Conspiracy to Commit International Money Laundering)**

1.      From at least in or about April 2018 through at least in or about 2022, ROBERT WISE, the defendant, and others engaged in a scheme to commit international money laundering in violation of 18 U.S.C. § 1956(a)(2)(A), to promote the carrying on of violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq.*, by using international wire transfers to conduct U.S. dollar transactions for the benefit of Viktor Vekselberg, a Russian oligarch who was sanctioned by the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC"), without disclosure to or approval from OFAC.

2.      Before and after on or about April 6, 2018, when OFAC sanctioned Vekselberg by designating him as a Specially Designated National ("SDN"), Vekselberg beneficially owned and controlled through shell companies various real properties in the United States (the "Properties") currently worth approximately $75 million. Vladimir Voronchenko, a/k/a "Vladimir Vorontchenko," a long-time friend and associate of Vekselberg, resided in certain of the Properties. Before OFAC designated Vekselberg as an SDN, ROBERT WISE, the defendant, and others caused U.S. dollar payments to be made to maintain the Properties using WISE's

interest on lawyer's trust account ("IOLTA Account"), and WISE and others continued doing so after OFAC designated Vekselberg as an SDN even though WISE knew about that designation. In fact, after on or about April 6, 2018, WISE and others caused approximately $3.8 million in U.S. dollar payments, which were made from funds received by international wire transfers, to be made to maintain the Properties and attempted to sell two of the Properties, without disclosure to or approval from OFAC.

**Statutory Allegations**

3.  From at least in or about April 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ROBERT WISE, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to commit international money laundering in violation of 18 U.S.C. § 1956(a)(2)(A).

4.  It was a part and an object of the conspiracy that ROBERT WISE, the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit, violations of the IEEPA, in violation of 50 U.S.C. § 1705, Executive Orders 13660, 13661, and 13662, and 31 C.F.R. § 589.201.

Overt Acts

5.  In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, occurred in the Southern District of New York and elsewhere:

        a.      On or about June 27, 2019, the IOLTA Account in the Southern District of New York received an international wire transfer in the amount of approximately $150,000 from Smile Holding Ltd., which money ROBERT WISE, the defendant, used to make U.S. dollar payments to maintain the Properties.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

6.      As a result of committing the offense alleged in Count One of this Superseding Information, ROBERT WISE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

<u>Substitute Asset Provision</u>

7.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of ROBERT WISE, the defendant,

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 982; Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
UNITED STATES ATTORNEY